J-A07023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA GOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PLESSET PROPERTIES PARTNERSHIP, | : | |
| T/D/B/A SHADYSIDE INN SUITES | : | |
| | : | |
| Appellee | : | No. 1178 WDA 2016 |

Appeal from the Judgment Entered July 25, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD 12-018098

BEFORE:  OLSON, STABILE, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 18, 2017**

Debra Gold ("Gold") appeals from the July 25, 2016 judgment entered in the Court of Common Pleas of Allegheny County ("trial court") in favor of Plesset Properties Partnership, T/D/B/A Shadyside Inn Suites ("PPP") following a civil jury trial.  Upon review, we affirm.

The matter stems from an incident on July 8, 2011, wherein Gold fell to the ground and severely injured her leg while walking out of PPP's property.  Shortly thereafter, PPP installed skid-resistant adhesive strips to the doorstep where Gold fell.

On September 26, 2012, Gold filed a complaint against PPP sounding in negligence.  On May 6, 2016, PPP filed a motion *in limine* seeking to

_____

[*] Retired Senior Judge assigned to the Superior Court.

exclude any testimony or evidence of subsequent remedial measures, including skid-resistant paint, adhesive strips and/or warning signs. On May 9, 2016, Gold filed a motion *in limine* to preclude the expert testimony of Andrew Rentschler, Ph.D. The trial court denied this motion on May 12, 2016. On May 9, 2016, the trial court granted, in part, PPP's motion *in limine* and precluded Gold "from introducing all photographs, with subsequent remedial measures and/or demonstrative exhibits described in the pretrial [statement] with recently purchased paint." Trial Court Order, 5/9/16, at 1. A jury trial was held on May 9-12, 2016, after which the jury found PPP was not negligent.

Gold filed a request for post-trial relief on May 20, 2016, asserting that Gold should have been permitted to cross examine Jonathan Plesset and Dr. Rentschler on the issue of subsequent remedial measures, and Dr. Rentschler should not have been permitted to testify due to unfair surprise. The trial court denied the request for post-trial relief on July 25, 2016. PPP filed a praecipe to enter judgment on July 29, 2016.

On August 11, 2016, Gold filed a timely notice of appeal. On the same date, the trial court directed Gold to file a concise statement of errors complained of on appeal. Gold complied on August 24, 2016, and the trial court issued a Pa.R.A.P. 1925(a) opinion on October 11, 2016.

Gold raises four issues on appeal, which we repeat verbatim.

[I.] Did the trial court err in prohibiting [Gold's] counsel from cross-examining and impeaching [PPP's] witness Jonathan Plesset on the issue of subsequent remedial measures (*i.e.*

skid-resistant strips) given the unfair advantage created by Plesset's opinions and testimony ay trial?

[II.] Did the trial court err in prohibiting [Gold's] counsel from cross-examining and impeaching [PPP] expert Andrew Rentschler, Ph.D., on the issue of subsequent remedial measures due to the fact that his opinions were found, at least in part, on his site inspection that took place after the implementation of subsequent remedial measures (*i.e.* skid-resistant strips)?

[III.] Did the trial court err in failing to preclude the testimony of [PPP] expert Rentschler based upon the unfair surprise created by the late notification from [PPP] that Rentschler would testify at trial?

[IV.] Did the trial court err in failing to grant a new trial based on the unfair advantages to [PPP] and the prejudice to [Gold] resulting from the aggregate effect of the foregoing errors?

Appellant's Brief at 20-21 (some capitalization omitted).

First, Gold argues that the trial court erred in not permitting Gold to cross-examine and impeach Jonathan Plesset, a part owner of PPP, regarding subsequent remedial measures.

> [O]ur standard of review of a trial court's decision to admit or exclude evidence is well-settled. When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of the record, discretion is abused.

- 3 -

***Stapas v. Giant Eagle, Inc.***, 153 A.3d 353, 367-68 (Pa. Super. 2016) (quoting ***Stumpf v. Nye***, 950 A.2d 1032, 1035-36 (Pa. Super. 2008) (citation and quotations omitted)) (alteration in original). Generally, evidence of subsequent remedial measures is not admissible to establish negligence or culpable conduct. ***See*** Pa.R.E. 407. However, the evidence may be admissible for another purpose, such as "impeachment or—if disputed--proving ownership, control, or the feasibility of precautionary measures." ***Id.***

Gold argues that PPP attempted to use the trial court's ruling as a sword and shield during the following exchange between Gold's counsel and Jonathan Plesset.

> Q: At the time of this incident, and I'm not going to put [the video recording of the incident] back up again because I think everyone has seen it enough at this point in time, you'd agree there were no skid-resistant strips on that step?
>
> A: Why would there be?
>
> Q: You'd agree there weren't any; correct?
>
> A: There was not. No.
>
> Q: You know what skid-resistant strips are?
>
> A: I'm familiar with that, yes.
>
> Q: I actually showed – I'm going to have this marked as Exhibit No. 13. Can you tell the jury what that actually is?
>
> A: It's anti-skid tread tape.
>
> Q: What's the purpose of that?
>
> A: To prevent slips.

Q: Where does that get placed? Where could you place it?

A; Any areas where it might be slippery.

Q: Could you place it on a step?

A: You could place it on a step. You could place it anywhere where you thought it was slippery.

Q: You'd agree that was not present on that step on July 8, 2011?

A: It was not needed.

Q: Again, my question as that wasn't present?

A: It was not.

N.T. Jury Trial, 5/11-12/16, at 411-12. Gold argues that the flippant rhetorical response to the line of questioning opened the door to impeachment evidence of subsequent remedial measures. We disagree. Gold cites **Smalls v. Pittsburgh-Corning Corporation**, 843 A.2d 410 (Pa. Super. 2004) for the proposition that impeachment testimony regarding subsequent remedial measures is permissible. In **Smalls**, the trial court permitted impeachment evidence of subsequent remedial measures where there was testimony explicitly denying that the product released asbestos dust; however, they later put on a warning label that indicated it did. **Id.** at 413. Unlike in **Smalls**, there were no grounds for impeaching Jonathan Plesset's testimony. Moreover, our Supreme Court in **Duchess v. Langston Corp.**, 769 A.2d 1131, 1134 (Pa. 2001) noted that the purpose behind Rule 407 "is grounded in social policy, the central concern being that allowing its admission might discourage repairs or alterations that would enhance safety

or otherwise constitute improvements, since, if the rule were otherwise, the fact of any such change could be employed aversely in a future tort action." *Id.* Thus, the trial court did not abuse its discretion when it excluded cross-examination regarding subsequent remedial measures.

Next, Gold argues that she should have been permitted to cross examine Dr. Rentschler regarding subsequent remedial measures because he based his expert opinion, in part, on a site visit after the measures had been in place. As discussed above, we review a trial court's evidentiary rulings for an abuse of discretion. *See Stapas*, 153 A.3d at 367. Upon review of the testimony of Dr. Rentschler, while he conducted a site visit after the subsequent remedial measures were installed, his testimony and analysis were based exclusively on the videotape of the event on July 8, 2011. *See* N.T. Jury Trial, 5/11-12/16, at 558-91. Thus, there was no basis to cross-examine Dr. Rentschler on subsequent remedial measures. Gold's claim fails.

Next, Gold claims that the trial court improperly permitted Dr. Rentschler to testify due to unfair surprise and was effectively ambushed on the eve of trial. In her brief, Gold notes that she was provided with notice, along with a copy of Dr. Rentschler's report, that Dr. Rentschler was going to be called as an expert witness **one month before trial**. *See* Appellant's Brief at 50. Moreover, the expert report was attached to the pre-trial statement and filed thirty days prior to the earliest trial date as required by the rules of civil procedure. *See* Pa.R.C.P. No. 212.1(b)(2); Pa.R.C.P. No.

212.2. Moreover, upon review of the record Gold did not attempt to obtain a rebuttal expert or request a continuance to obtain an expert. Thus, Gold's claim fails.

Finally, Gold argues that the cumulative errors discussed above entitle her to a new trial. As we have found that all of Gold's claims are meritless, there is no cumulative error.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/18/2017</u>